# In the United States Court of Federal Claims

|  |  |
|---|---|
| DELROY E. MILLER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | No. 20-1320C <br> (Filed: March 8, 2021) |

### OPINION AND ORDER

Currently before the Court is the government's corrected motion to remand the above-captioned case to the Secretary of the Army, with instructions to submit Plaintiff's claims to the Army Board for Correction of Military Records ("ABCMR" or "the Board") and stay the case pending the Board's decision. Def.'s Corrected Mot. for a Voluntary Remand ("Def.'s Mot."), ECF No. 13. Plaintiff opposes the government's motion. For the reasons set forth below, the government's motion is **GRANTED**.

### DISCUSSION

Plaintiff Delroy Miller, Jr. is a Lieutenant Colonel ("LTC") in the United States Army Reserves ("Army"). Compl. ¶ 1, ECF No. 1. He contends that the Army retaliated against him when it intentionally placed an "'erroneous' Flag" on his file, and then failed to timely remove the flag for over three years, which made him ineligible to be considered for promotion in 2018 and 2019. Id. ¶ 24, 27. The Army contends that the delay in removing the flag was due to an "administrative oversight." Def.'s Mot. at 3 n.1 (explaining that the government's "best understanding of what happened is that, despite the [Command Review Board ("CRB")]'s non-derogatory assessment, the individual in [Human Resources Command] responsible for executing the ministerial job of formally lifting the flag at the conclusion of the CRB's assessment did not do so"). Nonetheless, it concedes that, as a result of the error, LTC Miller was not considered for promotion in 2018 or in 2019, as he would have been were it not for the Army's failure to timely lift the flag. Id. at 3.

LTC Miller chose to come to this Court—as was his right—without first appealing to the Board. This Court, however, has the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. 28 U.S.C. § 1491(a)(2); see Rules of the Court of Federal Claims ("RCFC") 52.2(a).

The Court agrees that a remand is appropriate here to give the Army the chance to address the issue of LTC's entitlement to a promotion. The remand the government seeks would allow it "to correct simple errors" without expending the resources of the Court and the parties in reviewing a record that may be incorrect or incomplete. SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In addition, on remand, LTC Miller will have the opportunity to first present all his claims to the Board and to introduce evidence that is currently not in the record and which the Court would not otherwise have the benefit of considering. Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006) (clarifying that when a service member "seek[s] relief from a military corrections board before suing in the Court of Federal Claims . . . the Court of Federal Claims reviews the Board's action under the same standard as any other agency action . . . [which] necessarily limits [its] review to the administrative record") (citations omitted); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

Moreover, on remand, the Board will have the authority to take effective remedial action, including convening a special selection board to determine whether LTC Miller should have been promoted in 2018 and/or 2019. See Dysart v. United States, 369 F.3d 1303, 1315 (Fed. Cir. 2004) (explaining that 10 U.S.C. § 1552 "provides for correction of military records if a promotion has been improperly denied (and for the convening of special selection boards in appropriate cases to determine whether the officer should be promoted), and for judicial review of the Board's decision"); see also 10 U.S.C. § 628(a)(1) (establishing that if, "because of administrative error a person who should have been considered for selection for promotion . . . by a promotion board was not so considered," the Secretary of the military department concerned "shall convene a special selection board under this subsection to determine whether that person (whether or not then on active duty) should be recommended for promotion.").

## CONCLUSION

On the basis of the foregoing, the government's motion, ECF No. 13, is **GRANTED**. Pursuant to RCFC 52.2, the case is **REMANDED** to the ABCMR to conduct further proceedings and evaluate LTC Miller's contentions, including his claim that, but for the allegedly erroneous flag placed on his record on April 20, 2017, he would have been promoted in 2018 and 2019. LTC Miller shall be permitted to submit additional evidence in support of his claims. The Board shall also afford him additional relief consistent with its findings, including by convening a special selection board to determine whether he should be promoted pursuant to 10 U.S.C. § 1552.

The Court will retain jurisdiction over the case during the course of the proceedings on remand. The case is **STAYED** pending the results of the proceedings before the ABCMR.

LTC Miller shall file his petition before the ABCMR by **April 8, 2021**. The ABCMR shall complete its review within 120 days of receiving LTC Miller's petition. The parties shall file a joint status report by **June 8, 2021**, and every ninety days thereafter, informing the Court of the status of the proceedings before the ABCMR. Pursuant to RCFC 52.2(e), the parties shall file notice with the Court within thirty days of the ABCMR's decision on remand stating whether

that decision affords a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge